IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ROBERT DALE ANDREWS and ) <br> PATTI ANDREWS, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HICKMAN COUNTY, TENNESSEE, et al., ) <br> ) <br>     Defendants. ) | Case No. 1:09-cv-0056 <br> Judge Trauger |

### MEMORANDUM AND ORDER

Pending before the court is the plaintiffs' Motion for Post-Trial Relief (Docket No. 117), to which the defendant has filed a Response in opposition (Docket No. 120). For the reasons discussed herein, the plaintiffs' motion will be denied.

### BACKGROUND

**I.  Overview**

On August 26, 2009, plaintiffs Robert Dale Andrews and Patti Andrews filed suit against Hickman County, Tennessee, three Tennessee Department of Children's Services ("DCS") employees (the "State Defendants" or the "DCS employees"), and two Hickman County police officers, Paul Wade and an unidentified "John Doe" officer, alleging violations of their Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and various state-law claims stemming from events surrounding a visit to their home on August 27, 2008. The trial in this case was held before a jury on February 18-19, 2014, with the plaintiffs asserting their claim that Paul Wade, the only remaining defendant, is liable under Section 1983 because he entered their

1

home without a warrant and without their consent.[1] To establish their Section 1983 claim, the proof had to sufficiently show that the Andrews had not consented to the entry of defendant Wade.

Instructing the jury at the close of the trial, the court informed the jury that an individual may consent to a search with words, gestures, or conduct. The jury then found that, based on the evidence presented at trial, one of the plaintiffs had consented to Wade's entry into their home. Therefore, the jury found that there was no violation of the plaintiffs' constitutional rights.

On March 19, 2014, the plaintiffs filed their motion for post-trial relief.

## **ANALYSIS**

Following the adverse jury verdict at trial, the plaintiffs timely moved for judgment as a matter of law pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure. In their motion for post-trial relief, the plaintiffs request (1) a judgment as a matter of law that the jury did not have a legally sufficient evidentiary basis to find for the defendant on the issue of consent; (2) a new trial; and (3) a criminal contempt hearing charging defendant Wade for his knowing and willful violation of the sequestration rule.

As an initial matter, the plaintiffs' Rule 50 motion for judgment as a matter of law is procedurally defective. "A motion for judgment as a matter of law under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a), before the case was

---

[1] The "John Doe" defendant was dismissed from the case on February 10, 2010, because the plaintiff failed to identify the correct party before the expiration of the statute of limitations. (Docket No. 34 at 5-6.) Hickman County was dismissed from the action by the court on October 25, 2010. (Docket No. 59.) The claims against the State Defendants were dismissed by mandate from the Sixth Circuit on December 3, 2012. (*See* Docket Nos. 68-69.)

submitted to the jury." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citing Fed. R. Civ. P. 50(b)). Here, the plaintiffs did not move under Rule 50(a) for a judgment as a matter of law before the case was submitted to the jury. Accordingly, their Rule 50(b) motion is procedurally improper, and the court limits its analysis to the plaintiffs' Rule 59 motion and their request for a hearing charging defendant Wade with criminal contempt.[2]

## I. Rule 59(a) Standard of Review

Generally, a court may grant a new trial under Fed. R. Civ. P. 59(a) "if the verdict is against the weight of the evidence, if the damages award is excessive, or if the trial was influenced by prejudice or bias, or otherwise unfair to the moving party." *Conte v. Gen. Housewares Corp.*, 215. F.3d 628, 637 (6th Cir. 2000). The burden of demonstrating the necessity of a new trial is on the moving party, and the ultimate decision whether to grant such relief is a matter vested within the sound discretion of the district court. *Clarksville-Montgomery Co. Sch. Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 1002 (6th Cir. 1991). Here, the plaintiff moves for a new trial solely on the basis that the verdict was against the weight of the evidence. When this is the ground for the motion, "the court is not to set aside the verdict simply because it believes that another outcome is more justified . . . the court is to accept the jury's verdict if it is one which reasonably could have been reached." *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (internal citations omitted).

---

[2] As the defendant points out, the plaintiffs fail to discuss Rule 59 in their brief, despite mentioning the rule in the title of their motion and frequently referring to their request for a new trial under the Federal Rules. Given the requests for relief asserted by the plaintiffs, the court will interpret their motion as including a Rule 59(a) motion for a new trial and analyze the plaintiffs' arguments accordingly.

## II. Application

This trial came down to credibility determinations by the jury. The plaintiffs argue that the testimony of defendant Wade shows that he had "insufficient knowledge" to conclude that Mr. Andrews had consented to his entry into the home, particularly in the face of testimony from the plaintiffs asserting that they had never offered Wade consent. Nevertheless, the jury, apparently crediting Wade's testimony, resolved the issue of consent against the plaintiffs based on testimony and evidence presented at trial regarding the relevant events. A motion for a new trial should be denied "if the verdict was one that reasonably could be reached, regardless of whether the trial judge might have reached a different conclusion were she the trier of fact." *Powers v. Baltimore Marine Corp.*, 83 F.3d 789, 796 (6th Cir. 1996). A verdict "should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable." *J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1487 (6th Cir. 1991).

The court finds that the verdict of this jury was one that reasonably could be reached. Therefore, granting a new trial on the basis of the verdict being against the weight of the evidence is inappropriate.

## III. Plaintiffs' Additional Requests for Relief

The plaintiffs request additional post-trial relief—including a new trial and a criminal contempt hearing—related to Deputy Kyle Chessor's admission at trial that he had spoken to defendant Wade after Wade's testimony (and before Chessor's witness testimony) and discussed Wade's "recollection of events." The plaintiffs contend that Wade and Chessor's conversation regarding Wade's testimony constitutes a violation of the sequestration rule as set forth by

4

Federal Rule of Evidence 615. The plaintiffs further appear to argue that they suffered prejudice as a result of Wade and Chessor's violation of the sequestration rule.

At trial, the court noted that Wade and Chessor's conversation was a violation of the sequestration rule, but determined that the violation was harmless. Specifically, the court concluded that the plaintiffs were not prejudiced by the violation because Wade and Chessor's testimonies as to the relevant events differed; *i.e.*, it did not appear that the witnesses were colluding in order to prejudice the plaintiffs' case. (Docket No. 117, Ex. 3 at 4:21-24.)[3] Accordingly, the court denied the plaintiffs' counsel's request that Chessor's testimony be stricken from the record and did not take any other remedial measures regarding the violation.

### A. Sequestration Order, Generally

Federal Rule of Evidence 615 states that "at the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." "This rule codifies, to an extent, the sequestration powers of the trial judge at common law; [the Sixth Circuit] has stated that its purpose is to prevent 'the influencing of a witness' testimony by another witness.'" *United States v. Solorio*, 337 F.3d 580, 592 (quoting *United States v. Rugiero*, 20 F.3d 1387, 1392 (6th Cir. 1994)).

"It is well settled in this circuit that a violation of an order directing that witnesses be separated does not automatically bar a witness' testimony." *Id.* at 593. Instead, "if a witness disobeys the order of withdrawal, while he may be proceeded against for contempt and his

---

[3] At trial, the court noted: "It's a violation of the sequestration rule, but it seems to me that it's harmless because his testimony is not the same as Officer Wade's . . . I see no prejudice." (Docket No. 117, Ex. 3 at 4.)

5

testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified." *United States v. Gibson*, 675 F.2d 825, 836 (6th Cir. 1982). Exclusion is considered a very severe remedy. *Solorio*, 337 F.3d at 593-594. "Moreover, in order for a party to receive a new trial based on a district court's failure to exclude testimony, we have also held that the party must show that the error prejudiced its right to a fair trial." *Id.*

### B. New Trial

The plaintiffs appear to assert that the court should grant the plaintiffs a new trial because it "did not allow for sufficient protections against the willful and knowing violation of the sequestration rule." (Docket No. 117, Ex. 1 at 17.) However, the plaintiffs fail to demonstrate—either directly or indirectly—that they suffered prejudice as a result of Wade and Chessor's violation of the sequestration order. Indeed, the plaintiffs appear to argue in their brief that Wade's testimony alone—testimony that had already been given at the time that Wade and Chessor violated the sequestration order—was the primary reason for the jury's determination regarding whether or not one of the plaintiffs gave Wade consent to enter. Moreover, the plaintiffs do not argue that Chessor's testimony actually had any bearing on the jury's factual findings, nor do they argue that the exclusion of his testimony would necessarily have led the jury to a different result.

Because the plaintiffs have failed to provide any support for their contention that they suffered prejudice as a result of Wade and Chessor's violation of the sequestration order, the plaintiffs' request for a new trial on this basis will be denied.

### C. Request for Criminal Contempt Hearing

Relying on a 120 year-old Supreme Court criminal case, the plaintiffs also request that the court hold a hearing charging defendant Wade with contempt of court as a result of his violation of the sequestration order. *See Holder v. United States*, 150 U.S. 91, 92 (1893). Generally, a court has many options to relieve prejudice suffered by a party as a result of a violation of a sequestration order, including holding a witness in contempt for a knowing and intentional violation. CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, 29 FED. PRAC. & PROC. EVID. § 6246 (1st ed.). Here, at trial, the court concluded that the plaintiffs did not suffer prejudice as a result of the violation of the sequestration order and, therefore, it did not pursue charges of contempt of court against Chessor or Wade.

The plaintiffs have failed to demonstrate any error by the court as to its conclusion that Wade and Chessor's violation of the sequestration order was harmless. Likewise, they have failed to demonstrate post-trial that they suffered prejudice as a result of the court's failure to take certain steps to remedy the violation, including exclusion of Chessor's testimony or holding Wade in contempt. Consequently, the plaintiffs' request for a criminal contempt hearing will be denied.

## **CONCLUSION**

For the reasons discussed herein, the plaintiffs' Motion for Post-Trial Relief is **DENIED**.

It is so **ORDERED**.

Enter this 18th day of April 2014.

ALETA A. TRAUGER
United States District Judge